UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TIFFANY J. CELOTTO,

                              Plaintiff,

                                                                **Hon. Hugh B. Scott**

                                                                **16CV1038V**

              v.                                                **Report**
                                                                **&**
                                                                **Recommendation**

NEW YORK STATE DEPARTMENT OF
TRANSPORTATION, JOHN RYAN,
in his individual capacity,

                              Defendants.

        This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) to

hear and report on dispositive motions (among pretrial matters) (Docket No. 9).  The instant

matter before the Court is a motion of defendant New York State Department of Transportation

("DOT") (Docket No. 9) to dismiss.  Also considered here (rather than in a separate Order) is

plaintiff's motion for leave to amend the Complaint (Docket No. 14), filed in response to DOT's

motion.  Since plaintiff's motion is related to claims DOT seeks dismissed, both motions are

considered in this Report.

        Responses to DOT's motion were due by April 19, 2017, with replies due by May 17,

2017 (Docket No. 11).  Plaintiff then moved for extension of time to respond (Docket No. 12)

which was granted (Docket No. 13); responses then were due by May 19, 2017, and a reply by

May 26, 2017 (Docket No. 13).  Plaintiff then filed her motion for leave to amend the Complaint

(and a partial response to DOT's motion (Docket No. 14). This Court set responses to plaintiff's motion to be due June 2, 2017, with replies due June 9, 2017, and both motions were deemed submitted on papers on June 9, 2017 (Docket No. 15).

DOT filed a response to the motion for leave to amend (Docket No. 16), and plaintiff replied thereto (Docket No. 17). This Court then requested plaintiff submit a clean version of the proposed Amended Complaint (Docket No. 18; cf. Docket No. 14, Ex. A, redline proposed Amended Complaint), see also W.D.N.Y. Loc. Civ. R. 15(b).

## BACKGROUND

This is an action seeking injunctive relief and damages under the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3) (or "FLSA"); the civil rights acts, 42 U.S.C. § 1983; and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504") against defendants DOT and Ryan (Docket No. 1, Compl.). She alleges that defendants discriminated against her for her attempts to breastfeed while working at DOT. In the first cause of action, plaintiff alleges DOT discriminated against her in violation of Section 504 for her pregnancy and related conditions (id. ¶¶ 125-28). In the Second Cause of Action, she alleges a Fair Labor Standards Act claim against the DOT for retaliation when she requested adequate space and time to breast feed or express breast milk (id. ¶¶ 129-38). In the Third Cause of Action, plaintiff alleges against Ryan (individually) that he violated plaintiff's Equal Protection clause rights in denying her lactation rights by failing to furnish her with an appropriate pumping location during her shifts (id. ¶¶ 139-42). In the Fourth Cause of Action, plaintiff concludes that Ryan (again in his individual capacity) established a sexually hostile work environment by sending sexually explicit text messages, refusing to call plaintiff by her name (but calling her "girl" or "her" instead), and

statements to the effect that "women don't know directions; they don't know how to get anywhere" (id. ¶¶ 143-47, 146, 105-06, 108; see id. ¶ 104 (suggestive texts sent by Ryan to plaintiff)).  Ryan retaliated against plaintiff by not returning her to the status of "Floater #2" and placing a male employee in that position instead and prevented her from interviewing for positions outside of Ryan's department (id. ¶¶ 146, 102).  Plaintiff sought to express "in a clean, non-restroom, undisturbed location" (id. ¶ 147), be it at the Hamburg shop or on job sites (see e.g., id. ¶¶ 44, 62, 47-48, 48-61, 63); plaintiff infers sex discrimination because male employees were allotted frequent personal breaks and the freedom to arrive late or leave early from work while she was not (id. ¶¶ 95-99, 147).

Plaintiff originally alleged claims against DOT and Ryan in his individual capacity (id.). Ryan was plaintiff's supervisor as a traffic technician supervisor with the DOT (id. ¶ 9).  Plaintiff worked at the DOT in 2013 as a traffic signal technician at the Hamburg, New York, "shop" (id. ¶ 10).  Plaintiff worked in an all-male department of thirteen employees with all male supervisors (id. ¶ 12).  In 2014, plaintiff announced to Ryan that she was pregnant and sought light work, but Ryan refused.  Allegedly, Ryan located plaintiff in jobsites that exposed her to toxic fumes and required her to lift heavy objects while pregnant.  (Id. ¶¶ 13-22.)  Ryan allegedly denigrated plaintiff's pregnancy (id. ¶ 23) and sent her to distant parts of the four-county district serviced by her department (id. ¶ 25).  When she complained to Ryan about her work assignments, Ryan said that if she could not perform the job she should not be at work, which plaintiff perceived to be a threat to her job (id. ¶ 27).  Plaintiff then went on maternity leave and decided she would breast feed, including use of a breast pump to express milk (id. ¶ 30), giving birth in December 2014 (id. ¶ 31).

Plaintiff returned to work at the DOT on February 17, 2015 (id. ¶ 33). Ryan, however, misapplied plaintiff's maternity leave time, requiring her to recover one month's pay (for about $6,000) (id. ¶¶ 34, 36). Plaintiff informed Ryan that she needed to pump breast milk, but Ryan replied that it was not his problem (id. ¶ 40) and "angrily" told her to leave his office (id. ¶ 41). Because of Ryan's apparent hostility, plaintiff never raised with him the issue of breast feeding or expressing milk; she felt intimidated by Ryan's response (id. ¶ 43). The Hamburg shop lacked a lactation space and plaintiff was denied breaks for pumping (id. ¶¶ 44, 45, 64 (compelled to pump only once a workday lasting from 7 am to 3:30 pm), 66-69, 71). While at the Hamburg shop plaintiff had to pump in the restroom (see id. ¶¶ 52-53, 62); this restroom was shared by both men and women, with no separate ladies' room existing at the shop (id. ¶ 111). Plaintiff left work five times to nurse her son and missed at least seven days to nurse (id. ¶¶ 79-80). Given her limited opportunities to pump, she suffered pain, anger, disgust, anguish, and leakage (id. ¶¶ 70-74, 80). Lacking access to refrigeration at the Hamburg shop, plaintiff had to throw out unrefrigerated breast milk she did express (id. ¶¶ 75-78). Plaintiff and other employees at the Hamburg shop were not advised by defendants of her lactation rights (id. ¶¶ 81-83), requiring plaintiff to inform her male colleagues of her needs to lactate (id. ¶ 84). Ryan again became angry when he learned that plaintiff's coworkers had to take breaks off site to allow plaintiff to express milk (id. ¶ 87). Ultimately, plaintiff only expressed breast milk for six weeks (id. ¶ 88) and stopped breastfeeding her son far sooner than she had planned to do so; she had planned to breastfeed for six months but terminated it early (id. ¶¶ 89-90).

In addition to declaratory and injunctive relief seeking to change practices at the DOT, plaintiff sues for compensatory damages for the incorrect accounting of her maternity leave,

4

unreimbursed medical expenses due to plaintiff's stress and anxiety, damages for mental, emotional, and physical injury she suffered, and attorney's fees and other relief (id. at pages 25-27).

Defendant Ryan answered (Docket No. 8).  DOT filed the present motion to dismiss (Docket No. 9).

*DOT's Motion to Dismiss (Docket No. 9)*

DOT moves to dismiss the Complaint for failure to state of claim and a lack of subject matter jurisdiction (Docket No. 9, Def. DOT Memo.).  DOT argues that plaintiff's First Cause of Action failed to state a claim, since pregnancy is not a disability under the Rehabilitation Act (id. at 5-13; see id. at 5-8 (noting that plaintiff did not, and could not, allege a claim under the Americans with Disabilities Act, 42 U.S.C. §§ 12111, et seq. ("ADA")) and plaintiff was not pregnant or disabled (id. at 12-13).  Invoking the Eleventh Amendment, DOT next argues that this Court lacks jurisdiction over the Fair Labor Standards Act Second Cause of Action (id. at 13-15), noting that plaintiff had not alleged claims under Title VII or the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) ("PDA") (id. at 13 n.5).  Finally, DOT argues that injunctive relief sought is moot since plaintiff stopped breastfeeding two years ago (id. at 16-17).

*Plaintiff's Motion for Leave to Amend the Complaint (Docket No. 14)*

Instead of a direct response to DOT's motion, plaintiff sought leave to amend the Complaint to remove the DOT as a defendant, to delete the first two causes of action (those addressed in DOT's motion to dismiss), and to sue defendant Ryan in his official capacity as well as individually under the remaining two causes of action (Docket No. 14).  The proposed new First Cause of Action (what would be the former Third Cause of Action in the original

pleading) alleges that Ryan deprived plaintiff of her right to Equal Protection of the law in denying plaintiff's lactation rights in violation of the FLSA, naming Ryan individually and in his official capacity (id., Ex. A, at 23). The new Second Cause of Action alleges deprivation of equal protection by Ryan (again, in both capacities) in creating a hostile work environment due to sex (id. at 24-25, the former Fourth Cause of Action). The latter claim is under § 1983 and not Title VII, although references to Title VII and regulations under that statute for lactation are cited (id. at 25, new ¶ 130), see, e.g., Pfeiffer v. Lewis County, 308 F. Supp. 2d 88, 106 (N.D.N.Y. 2004) (individuals may not be held personally liable under Title VII). She seeks the same relief from Ryan in the amendment as she had from both defendants in the original Complaint (id. at 26-27). Plaintiff seeks leave to amend to remove the first two claims under the Rehabilitation Act and the FLSA (Docket No. 14, Pl. Memo. at unnumbered pages 1-2).

Ryan did not respond to the motion for leave to amend (cf. Docket No. 17, Pl. Atty. Decl. ¶ 6). DOT, however, did respond to this motion (Docket No. 16), joining in plaintiff's motion to eliminate DOT as a defendant (arguing that, by so moving, plaintiff conceded that DOT was not a proper party) (Docket No. 16, Def. DOT Atty. Decl. ¶ 4). DOT then objected to the amendment naming Ryan in his official as well as individual capacities (id. ¶ 5).

This led to plaintiff's reply, wherein she argues that (with adoption of the amendment) DOT lacks standing in the case to object to the change in Ryan's status (Docket No. 17, Pl. Atty. Decl. ¶ 4).

**DISCUSSION**

I.    Applicable Standards

    A.    Amendment of Pleadings

This Court first considers plaintiff's motion for leave to amend the Complaint.  Granting

dismissal of the Complaint without granting leave to amend is an abuse of discretion, <u>Luce v.</u>

<u>Edelstein</u>, 802 F.2d 49, 56 (2d Cir. 1986) (citing <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); Fed.

R. Civ. P. 15(a); <u>Kaster v. Modification Sys., Inc.</u>, 731 F.2d 1014, 1018 (2d Cir. 1984)).

Technically, if this motion for leave to amend is granted, defendant DOT's motion to dismiss

(addressing the original pleading) becomes moot, <u>Perrone v. O'Flynn</u>, No. 11CV6411, 2015 U.S.

Dist. LEXIS 161716, at *12-13 (W.D.N.Y. Dec. 2, 2015) (Siragusa, J.); <u>Kriwox v. EBS-</u>

<u>RMSCO, Inc.</u>, No. 7:10-CV-1070, 2011 U.S. Dist. LEXIS 56909, at *8 (N.D.N.Y. May 26,

2011); <u>see</u> Edward Sherman, 3-15 <u>Moore's Federal Practice—Civil</u> § 15.17[3] (2017) (amended

pleading supersedes original pleading).  The amendment would remove DOT as a party, but

names Ryan in his official as well as individual capacity.  Since this is interrelated with DOT's

arguments in its motion to dismiss the original Complaint and plaintiff proposes to change

Ryan's status in being sued in the remaining claims, this Court considers both motions.

Under Federal Rule of Civil Procedure 15(a) amendment of pleadings after the time to do

so as of right requires either consent of all parties (apparently not present here) or by leave of the

Court.  Under Rule 15(a) motions for leave to amend the complaint are to be freely given when

justice requires.  Granting such leave is within the sound discretion of the Court.  <u>Foman</u>, <u>supra</u>,

371 U.S. at 182; <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 401 U.S. 321, 330 (1971).  "In

the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive

7

on the part of the movant, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility

of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" <u>Foman</u>,

<u>supra</u>, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)).

      B.      Motion to Dismiss

      Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court cannot dismiss a

Complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support

of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

As the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 554 (2007), a

Complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which

relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible

on its face," <u>id.</u> at 570 (rejecting longstanding precedent of <u>Conley</u>, <u>supra</u>, 355 U.S. at 45-46);

<u>Hicks v. Association of Am. Med. Colleges</u>, No. 07-00123, 2007 U.S. Dist. LEXIS 39163, at *4

(D.D.C. May 31, 2007).  To survive a motion to dismiss, the factual allegations in the Complaint

"must be enough to raise a right to relief above the speculative level," <u>Twombly</u>, <u>supra</u>, 550 U.S.

at 555; <u>Hicks</u>, <u>supra</u>, 2007 U.S. Dist. LEXIS 39163, at *5.  As recently reaffirmed by the Court

in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), <u>rev'g</u> <u>Iqbal v. Hasty</u>, 490 F.3d 143 (2d Cir. 2007),

> "To survive a motion to dismiss, a complaint must contain sufficient factual
> matter, accepted as true, to 'state a claim to relief that is plausible on its face.'
> [<u>Twombly</u>, <u>supra</u>, 550 U.S.] at 570 . . . .  A claim has facial plausibility when the
> plaintiff pleads factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged.  <u>Id.</u>, at 556 . . . .
> The plausibility standard is not akin to a 'probability requirement,' but it asks for
> more than a sheer possibility that a defendant has acted unlawfully.  <u>Ibid.</u>  Where
> a complaint pleads facts that are 'merely consistent with' a defendant's liability, it
> 'stops short of the line between possibility and plausibility of "entitlement to
> relief."' <u>Id.</u>, at 557 . . . (brackets omitted)."

Iqbal, supra, 556 U.S. at 678 (citations omitted).

A Rule 12(b)(6) motion is addressed to the face of the pleading. The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference. Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985). In considering such a motion, the Court must accept as true all of the well pleaded facts alleged in the Complaint. Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985). However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true. New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F. Supp. 2d 123 (N.D.N.Y. 2002).

II.    Leave to Amend

Ryan did not comment on plaintiff's motion for leave to amend, but DOT agrees in part to the motion. DOT stipulates to its dismissal as a party in the amendment but objects to naming Ryan in his official capacity (Docket No. 16, Def. DOT Atty. Decl. ¶¶ 4-5). Plaintiff objects to DOT commenting on an amendment that, by its present agreement, it would no longer be a party in (see Docket No. 17, Pl. Atty. Decl. ¶ 4).

Since plaintiff's motion for leave to amend has not been granted (or defendant DOT's stipulation adopted), DOT remains a party and can comment on the scope of the proposed amendment (but cf. id.). Furthermore, since Ryan has not commented or stipulated, there is no automatic adoption of the amendment to eliminate DOT as a party. This Court still needs to conduct the analysis of whether the amendment would be futile, cause undue delay, is the product of bad faith or dilatory motive on the part of the movant (neither indicated here), or

cause undue prejudice to Ryan as the remaining defendant. Furthermore, while Ryan has counsel representing him as sued in his individual capacity, adding claims under his official capacity may implicate the Attorney General's office (the same office presently representing the DOT) to represent him insofar as it involves his official actions, see N.Y. Pub. Officers L. § 17(2)(a), (b) (state provides defense, by the Attorney General, of employee in any civil action arising out of any alleged act or omission that occurred while the employee was acting within the scope of his public employment or duties). Thus, the DOT has a say (if not actual "standing") to express a view whether plaintiff should be granted leave to amend.

Turning to the amendments themselves, the amendments dismissing DOT as a defendant and the claims asserted solely against that department are **granted**. The amendment drops the Rehabilitation Act claim against DOT and the Fair Labor Standards Act presumably against both defendants (see Docket No. 1, Compl. ¶ 133, "Defendants engaged in retaliatory actions when they forced Ms. Celotto to pump in legally inappropriate locations . . ."). The surviving claims are solely against Ryan, alleging for each that he acted under color of state law (see Docket No. 14, Ex. A, proposed Am. Compl. new ¶¶ 125, 129).

As for adding an official capacity claim against Ryan and despite the lack of his opposition, this Court needs to consider whether this amendment is futile. The arguments presented in DOT's present motion to dismiss would equally apply to Ryan sued in his official capacity, especially for the present Third Cause of Action (the proposed amended First Cause of Action) for violation of her equal rights under the Fair Labor Standards Act.

As noted by DOT in its motion to dismiss (see Docket No. 9, Def. DOT Memo. at 13), the Eleventh Amendment provides that "the Judicial power of the United States shall not be

10

construed to extend to any suit in law or equity, commenced or prosecuted against <u>one of the United States</u> by Citizens of another State, or by Citizens or Subjects of any Foreign State," U.S. Const. amend. XI (emphasis added).  Whether this Amendment applies to bar this suit depends upon whether naming Ryan in his official capacity makes him a real party in interest or only a nominal party and stand-in for his employer, the State of New York, <u>see</u> <u>Quern v. Jordan</u>, 440 U.S. 332, 344 n.17 (1979).  Under that Amendment, state officials are immune from suit for actions taken in their official capacity, <u>California v. Deep Sea Research</u>, 523 U.S. 491, 502 (1998); <u>Smith v. Reeves</u>, 178 U.S. 436, 439 (1900) (where the State is not named as defendant but official is, any judgment against the official paid by the State treasury implicates the Eleventh Amendment).

Plaintiff initially sued Ryan individually while also suing DOT directly.  She now moves to amend to add suit against Ryan in his official capacity while eliminating DOT.  On the one hand, plaintiff is dropping the State of New York (through its Department of Transportation) from this case, but is bringing the State back as a party through suing its official, Ryan, in his official capacity.  Any judgment plaintiff receives against Ryan with this amended pleading (absent a special verdict parsing official from individual liability) would be payable from the State treasury, <u>see also</u> N.Y. Pub. Officers L. § 17(3)(a) (indemnification by the State of employees sued for acting within scope of employment).  The Eleventh Amendment denies this Court of jurisdiction over such an action, <u>Smith v. Reeves</u>, <u>supra</u>, 178 U.S. 436.  Therefore, amending that Complaint here to name Ryan in his official capacity would make him into a stand in for the State.  Leave to amend the status of defendant Ryan to name him in his official capacity is **denied**.

11

Therefore, plaintiff's motion (Docket No. 14) for leave to amend is **granted in part**.

III.    Motion to Dismiss

With the limited grant of leave to amend to eliminate DOT as a defendant (but also denying suit against Ryan in his official capacity), DOT's motion to dismiss (Docket No. 9) now appears to become **moot** as to that department.  But given the official capacity allegation sought to be added to Ryan some discussion is in order.  DOT argues in its motion to dismiss that plaintiff's Second Cause of Action in the original Complaint for her FLSA claim is barred by the Eleventh Amendment (Docket No. 9, Def. DOT Memo. at 13-15).  As discussed above regarding leave to amend to add official capacity suit against Ryan, the Eleventh Amendment has impact on plaintiff's proposed amended First Cause of Action for deprivation of her equal protection rights for her FLSA claims.  Plaintiff, however, does not respond to this argument; instead, she merely sought leave to amend the Complaint to excise that claim as against DOT but without defending the similar claim against Ryan in his official capacity.  Plaintiff does not argue the Eleventh Amendment's impact on naming Ryan in his official capacity.

Cases under the Eleventh Amendment do allow states (and state officials) to be sued if seeking injunctive or declaratory relief, Ex parte Young, 209 U.S. 123, 129 (1908) (Docket No. 9, Def. DOT Memo. at 15).  DOT is correct that the injunctive relief is moot since plaintiff is no longer breastfeeding.  Thus, amending the Complaint to allege official liability for Ryan for injunctive relief to enjoin breastfeeding-friendly policies going forward also would be **moot**.

IV.    The Results

Given the limited leave to amend the Complaint that was granted on plaintiff's motion (Docket No. 14) and the recommendation here to deem moot DOT's motion to dismiss (Docket

No. 9) given the amendment, plaintiff has claims remaining against Ryan in his individual

capacity only, alleging violations of § 1983.  Essentially, what claims remains are the original

Third and Fourth Causes of Action against Ryan only in his individual capacity.  If this Report is

adopted, plaintiff is to serve and file her Amended Complaint as adjusted to not allege official

capacity suit against defendant Ryan.  Otherwise, if the Report is modified or rejected, plaintiff is

to follow the direction of Judge Vilardo as to the scope of her amendment and what claims

remain.

## CONCLUSION

Based upon the above, plaintiff's motion for leave to amend the Complaint (Docket

No. 14) is **granted in part, denied in part** as discussed above (namely, to exclude claims

against DOT but not to name defendant Ryan in his official capacity).  As applied to the

Amended Complaint, it is recommended that defendant DOT's motion to dismiss (Docket No. 9)

be **deemed moot** given the action on plaintiff's motion for leave to amend the Complaint.  Upon

action by Judge Vilardo on any objection to this Report, plaintiff is to serve and file her

Amended Complaint consistent with Judge Vilardo's decision.


Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report &

Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the

Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk**

**of this Court within fourteen (14) days after receipt of a copy of this Report &**

Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and

W.D.N.Y. Local Civil Rule 72(b).

FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION

WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME

WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S

ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.  Thomas v.

Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak

v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case

law and/or evidentiary material which could have been, but was not, presented to the Magistrate

Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale

Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72(b),

"[w]ritten objections to proposed findings of fact and recommendations for disposition submitted

by a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) shall specifically identify the

portions of the proposed findings and recommendations to which objection is made and the

basis for each objection, and shall be supported by legal authority."  **Failure to comply with the**

**provisions of Rule 72(b) may result in the District Court's refusal to consider the objection.**


SO ORDERED.


/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

14

Dated: Buffalo, New York
      July 14, 2017