UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TIFFANY J. CELOTTO,

       Plaintiff,

    v.                                    16-CV-1038V
                                                DECISION AND ORDER
NEW YORK STATE DEPARTMENT OF
TRANSPORTATION AND JOHN RYAN
IN HIS INDIVIDUAL CAPACITY,

       Defendants.
_____

On December 23, 2016, the plaintiff commenced this action. Docket Item 1. On March 17, 2017, this Court referred this case to United States Magistrate Judge Hugh B. Scott for all proceedings under 28 United States Code Section 636(b)(1)(A) and (B). Docket Item 10. The day before, on March 16, 2017, defendant New York State Department of Transportation ("NYDOT") moved to dismiss for failure to state a claim, or, in the alternative, to dismiss for lack of jurisdiction. Docket Item 9. On May 19, 2017, the plaintiff responded, moving to amend her complaint and to dismiss NYDOT as a defendant. Docket Item 14-1. On May 24, 2017, NYDOT replied, Docket Item 16, and on June 9, 2017, the plaintiff filed a sur-reply. On July 14, 2017, Judge Scott issued a Report and Recommendation granting in part and denying in part the plaintiff's motion for leave to amend the complaint and finding that NYDOT's motion to dismiss should be denied as moot. Docket Item 19. The parties did not object to the Report and Recommendation, and the time to do so now has expired. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 United States Code Section 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Scott's Report and Recommendation. Based on that review and the absence of any objections, the Court accepts and adopts Judge Scott's recommendation to dismiss NYDOTs motion as moot.

It is unequivocal that pernicious discrimination against women in the workplace—whether pregnant or not—is forbidden under the United States Constitution (*see, e.g.*, *Nevada Dep't. of Human Res. v. Hibbs*, 538 U.S. 721 (2003)), federal law (42 U.S.C. Section 2000e(k)), and New York State law (New York Human Rights Law Section 296.1). Because the plaintiff has agreed that she does not have a viable claim against NYDOT and that her request for injunctive relief is moot, all that is left is her damage claim against Ryan individually. And given the serious allegations made by the plaintiff, that claim should and will proceed.

For the reasons stated above and in the Report and Recommendation, the defendant's motion to dismiss, Docket Item 9, is DENIED as moot. If she has not already done so, the plaintiff should serve and file her amended complaint in

compliance with Judge Scott's decision. Docket Item 19 at 13. This case is referred back to Judge Scott for further proceedings consistent with the referral order of March 17, 2017. *See* Docket Item 10.

SO ORDERED.

Dated: December 11, 2017
Buffalo, New York

*s/Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE