UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TIFFANY J. CELOTTO,

                              Plaintiff,

                                                                    **Hon. Hugh B. Scott**

                                                                         16CV1038V

                              v.
                                                                            **Order**


JOHN RYAN,

                              Defendant.


        Before the Court is defendant John Ryan's motion to dismiss the Amended Complaint on

Colorado River[1] abstention grounds (Docket No. 44).  Responses to this motion eventually (cf.

Docket Nos. 45, 46) were due by January 24, 2020, and defendant's reply by January 31, 2020

(Docket No. 47).  Plaintiff filed her timely response (Docket No. 48), and defendant duly replied

(Docket No. 49).  While defendant's motion is dispositive and will be discussed by this Court in

a Report & Recommendation, there are procedural questions with this motion that require further

briefing.

                                        BACKGROUND

        This initially was a federal action for violations of the Fair Labor Standards Act,

29 U.S.C. § 215(a)(3), relevant section of the Civil Rights Act, 42 U.S.C. § 1983, and § 504 of

the Rehabilitation Act, 29 U.S.C. § 794 (Docket No. 1, Compl. ¶ 1).  Plaintiff alleged violation

---

[1]Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976).

of the Rehabilitation Act against then-defendant New York State Department of Transportation (id. ¶¶ 126-28) and retaliation under the Fair Labor Standards Act (id. ¶¶ 130-38). Against defendant John Ryan, plaintiff initially alleged violations of 42 U.S.C. § 1983 in depriving her equal protection of the laws for violating the Fair Labor Standards Act (id. ¶¶ 140-42, Third Cause of Action) and Title VII (id. ¶¶ 144-47, Fourth Cause of Action). Plaintiff, a new mother at the relevant period, alleged defendants deprived her of lactation rights and committed other forms of sexual workplace harassment (see generally id.).

Ryan answered the Complaint (Docket No. 8) but the Department of Transportation moved to dismiss (Docket No. 9). In response, plaintiff sought leave to amend the Complaint (Docket No. 14). This Court in part granted leave to amend the Complaint and recommended finding as moot defendant Department of Transportation's motion to dismiss (Docket No. 19). Judge Vilardo adopted this Report, granting plaintiff leave to file her Amended Complaint (Docket No. 20). Plaintiff duly filed her Amended Complaint against Ryan only (Docket No. 22). There, she alleges violations of § 1983 of her rights under the Fair Labor Standards Act and Title VII by Ryan (id.). Ryan answered this amended pleading (Docket No. 24).

This Court later issued a Scheduling Order (Docket No. 28), with dispositive motions due by March 21, 2019 (id.). That Order was amended, with dispositive motions eventually due by March 2, 2020 (Docket Nos. 43, 32, 37, 40; see Docket Nos. 30, 31, 35, 36, 38, 39, 41, 42).

*Defendant's Motion to Dismiss (Docket No. 44)*

Defendant Ryan now moves to dismiss (Docket No. 44) arguing that this Court should abstain from this case because plaintiff has a parallel proceeding in the New York State Division of Human Rights against him and the Department of Transportation alleging the same

contentions as alleged in this federal case.  Plaintiff commenced her action in this Court on

January 9, 2017, and filed with the State Division of Human Rights on January 17, 2017 (see id.,

Def. Atty. Affirm. ¶¶ 3, 4, Ex. A).  Defendant claims that parallel federal and state proceedings

involving the same parties are now pending (id. ¶ 7).  Citing Colorado River Water Conservation

District v. United States, 424 U.S. 800 (1976), and related cases, defendant argues that this Court

should exercise its discretion and abstain from hearing this federal case while the State Division

of Human Rights proceeding is pending (id., Def. Memo.).  Defendant discusses the factors

recognized in Colorado River and subsequent cases for this Court to abstain from hearing

plaintiff's federal case (id. at 4-6).

First, plaintiff responds that the Colorado River doctrine is an exception from the rule

that federal courts need to decide cases presented to them (Docket No. 48, Pl. Memo. at 1).

Second, Colorado River doctrine applies to state court proceedings and not for state

administrative proceedings (id. at 2).  Plaintiff then refuted each of the Colorado River factors

defendant cites in support of abstention (id. at 2-3).

In his attorney's reply affirmation, defendant renews his argument that Colorado River

abstention applies here (Docket No. 49, Def. Atty. Reply Affirm.).

DISCUSSION

I.      Abstention Doctrines

Defendant cites to the Colorado River doctrine in support of abstention from hearing this

case due to the pending New York State Human Rights Division proceeding on allegedly the

same contentions (see generally Docket Nos. 44, 48), see Colorado River, supra, 424 U.S. at

818-19.  There, the Colorado River Court considered "the contemporaneous exercise of

3

concurrent jurisdiction, either by federal courts or by state and federal courts," id. at 817, referring to factors that consider the order in which jurisdiction was obtained by concurrent forums, id. at 818 (citing Pacific Live Stock Co. v. Oregon Water Bd., 241 U.S. 440, 447 (1916)). This abstention is for sound judicial administration in the context of "duplicative, concurrent federal-state litigation," 17A Moore's Federal Practice Ch. 122, Synopsis (emphasis added). This applies when there is a state court proceeding pending, Aurelius Capital Master, Inc. v. MBIA Ins. Corp., 695 F. Supp. 68, 73 (S.D.N.Y. 2010) (see Docket No. 48, Pl. Memo. at 2). The Colorado River doctrine addresses parallel, duplicative litigation, addressing, for example, a repetitive lawsuit where a plaintiff files the same suit in federal and state courts, see 17A Moore's Federal Practice, supra, § 122.90. As reminded by plaintiff (Docket No. 48, Pl. Memo. at 1) abstention under Colorado River is exceptional and this Court has a duty to adjudicate matters properly before it, Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist., 673 F.3d 84, 100 (2d Cir. 2012) (id. at 1 nn.1-3); see also 17A Moore's Federal Practice, supra, § 122.91. Exceptional circumstances for exercising Colorado River abstention are determined by review of six factors, including the presence of a federal law issue and whether the state forum would adequately protect the parties' interest, see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25-26 (1983); see also 17A Moore's Federal Practice, supra, § 122.92.

The parties here debate the Colorado River and Moses H. Cone factors for abstention (compare Docket No. 44, Def. Memo., Docket No. 49, Def. Reply Memo. with Docket No. 48, Pl. Memo.) and whether this is an example of the exceptional circumstance to warrant abstention (cf. Docket No. 48, Pl. Memo. at 1-2, 3).

4

The Supreme Court has recognized other times when federal courts should (or, in exercise of discretion, could) abstain; one applicable here involves abstaining to avoid deciding unsettled questions of state law where there is a proceeding pending before a state administrative agency as a matter of deference to the state and its agency, Buford v. Sun Oil Co., 319 U.S. 315 (1943).  "In its sound discretion," a federal court may "refuse to enforce or protect legal rights, the exercise of which may be prejudicial to the public interest," recognizing the "rightful independence of state governments in carrying out their domestic policy," id. at 318 (quotations omitted).  Such deference to state agencies is appropriate in some circumstances, 17A Moore's Federal Practice, supra, § 122.50.  The Colorado River Court held that Burford abstention did not apply in that case, 424 U.S. at 814-15, with Burford being used as an example where federal courts should abstain because "the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern, Colorado River, supra, 424 U.S. at 814.  Burford did not apply for Colorado River because state law appeared settled and was not at issue for decision, id. at 815-16 (rejecting mere potential for federal-state conflict as basis for abstention). Thus, Colorado River abstention, applicable in state and federal litigation, is distinct from Burford which recognizes abstention for state proceedings including administrative matters.

Federal courts have the discretion in these abstention contexts to decline to exercise jurisdiction, Niagara Mohawk, supra, 673 F.3d 100-01.  In the purported parallel federal litigation/state administrative agency situation, deference to the state agency may not necessarily occur.  In Zablocki v. Redhail, 434 U.S. 374 379 n.5 (1978), the Court did not abstain from a constitutional challenge to a requirement for issuance of marriage licenses that child support

payments be current.  As noted by one commentator, "the Court explained that in contrast to

Burford, the case did not involve complex issues of state law, resolution of which would be

disruptive to state efforts to establish a coherent policy with respect to a matter of substantial

public concern," or that resolution of the federal question might result in overturning a state

policy, 17A Moore's Federal Practice, supra, § 122.51.

> Burford requires that
>
> "Where timely and adequate state-court review is available, a federal court sitting
> in equity must decline to interfere with the proceedings or orders of state
> administrative agencies: (1) when there are "difficult questions of state law
> bearing on policy problems of substantial public import whose importance
> transcends the result in the case then at bar"; or (2) where the "exercise of federal
> review of the question in a case and in similar cases would be disruptive of state
> efforts to establish a coherent policy with respect to a matter of substantial public
> concern,"

New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 361 (1989) (quoting

Colorado River, supra, 491 U.S. at 814; see 17A Moore's Federal Practice, supra, § 122.52.

Federal abstention under that case may be appropriate when the "review of reasonableness by the

federal courts in that and future cases, where the State had established its own elaborate review

system . . . would have impermissibly disruptive effect on state policy for the management of

those fields," Colorado River, supra, 424 U.S. at 815.  "The Second Circuit looks at several

factors to determine the applicability of Burford abstention, including (1) the degree of

specificity of the state regulatory scheme, (2) the need to give one or another debatable

construction to a state statute, and (3) whether the subject matter of the litigation is traditionally

one of state concern," 17A Moore's Federal Practice, supra, § 122.56, citing Planned Parenthood

of Dutchess-Ulster, Inc. v. Steinhaus, 60 F.3d 122, 127 (2d Cir. 1995).

6

Colorado River doctrine and Burford doctrine reach two different concerns. The former addresses duplicative litigation while the latter seeks to avoid disruption of substantial state policy initiatives. They also differ on which state entity would form the cause for abstention; Colorado River involves state courts whereas Burford is state administrative agencies (such as the New York State Division of Human Rights).

II.      Application

While plaintiff is correct (see Docket No. 48, Pl. Memo. at 2) that Colorado River abstention is not applicable here[2] because there is no state court litigation pending, the parties have yet to address whether deference under Burford should apply. The policy rationales for the two abstention doctrines differ and the parties exclusively argued the Colorado River standard. Neither party addressed whether "there are 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case'" or whether this federal action would be "'disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern,'" New Orleans Pub. Serv., supra, 491 U.S. at 361, here avoidance of sex discrimination in the workplace.

Rather than recommend denial of defendant's motion to dismiss merely based on citation to the incorrect legal standard where an equivalent standard might apply, the parties are ordered to discuss whether Burford abstention is applicable here. Defendant shall have until **February 14, 2020**, to brief this question; plaintiff shall reply to this by **February 28, 2020**. The motion then will be deemed submitted. If, following review of these and already filed

---

[2]This Court also notes that there is no identity of issues presented in this case and before the New York State Human Rights Division. For example, plaintiff alleges violation of her rights under the Fair Labor Standards Act, which she does not allege before the Human Rights Division, see Docket No. 48, Pl. Memo. at 3.

motion and opposing papers, this Court deems oral argument informative, argument will be scheduled in a separate Order.

## CONCLUSION

For the reasons stated above, for defendant's motion (Docket No. 44) to dismiss, parties are to brief the application of <u>Burford</u> abstention in this case. Defendant shall submit its position by **February 14, 2020**, plaintiff shall reply to this by **February 28, 2020**, and defendant's motion (Docket No. 44) to dismiss shall be deemed submitted unless oral argument is scheduled by this Court.

So Ordered.

_/s/ Hugh B. Scott_

Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
     February 5, 2020