UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TIFFANY J. CELOTTO,

                    Plaintiff,

                    v.

JOHN RYAN,

                    Defendant.

**Hon. Hugh B. Scott**

**16CV1038V**

**Report
&
Recommendation**

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 10).  The instant matter before the Court is a motion of defendant John Ryan ("defendant" or "Ryan") (Docket No. 44) to dismiss this case on abstention grounds.  After initial briefing (Docket Nos. 48, 49), this Court asked the parties to brief the appropriate grounds for abstention (Docket No. 50), Celotto v. Ryan, No. 16CV1038, 2020 U.S. Dist. LEXIS 19317 (W.D.N.Y. Feb. 5, 2020) (Scott, Mag. J.).  Defendant submitted his Supplemental Memorandum of Law (Docket No. 51) and plaintiff submitted her Supplemental Memorandum of Law (Docket No. 52).  Therefore, the motion is fully briefed and submitted.

## BACKGROUND

As previously discussed (Docket No. 50, Order of Feb. 5, 2020, at 1-3), Celotto, supra, 2020 U.S. Dist. LEXIS 19317, at *1-4, this initially was a federal action for violations of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3), relevant section of the Civil Rights Act, 42 U.S.C.

§ 1983, and § 504 of the Rehabilitation Act, 29 U.S.C. § 794 (Docket No. 1, Compl. ¶ 1). Plaintiff alleged violation of the Rehabilitation Act against then-defendant New York State Department of Transportation (id. ¶¶ 126-28) and retaliation under the Fair Labor Standards Act (id. ¶¶ 130-38). Against defendant John Ryan, plaintiff initially alleged violations of 42 U.S.C. § 1983 in depriving her equal protection of the laws for violating the Fair Labor Standards Act (id. ¶¶ 140-42, Third Cause of Action) and Title VII (id. ¶¶ 144-47, Fourth Cause of Action). Plaintiff, then a new mother at the relevant period, alleged defendants deprived her of lactation rights and committed other forms of sexual workplace harassment (see generally id.).

Ryan answered the Complaint (Docket No. 8) but the Department of Transportation moved to dismiss (Docket No. 9). In response, plaintiff sought leave to amend the Complaint (Docket No. 14). This Court in part granted leave to amend the Complaint and recommended finding as moot defendant Department of Transportation's motion to dismiss (Docket No. 19). Judge Vilardo adopted this Report, granting plaintiff leave to file her Amended Complaint (Docket No. 20). Plaintiff duly filed her Amended Complaint against Ryan only (Docket No. 22). There, she alleges violations of § 1983 of her rights under the Fair Labor Standards Act and Title VII by Ryan (id.). Ryan answered this amended pleading (Docket No. 24).

*Defendant's Motion to Dismiss (Docket No. 44)*

Defendant Ryan then moved to dismiss (Docket No. 44) arguing that this Court should abstain from this case because plaintiff has a parallel proceeding in the New York State Division of Human Rights against him and the Department of Transportation alleging the same contentions as alleged in this federal case. Plaintiff commenced her action in this Court on January 9, 2017, and filed with the State Division of Human Rights on January 17, 2017 (see id.,

2

Def. Atty. Affirm. ¶¶ 3, 4, Ex. A). Defendant claims that parallel federal and state proceedings involving the same parties are now pending (id. ¶ 7). Citing Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), and related cases, defendant argues that this Court should exercise its discretion and abstain from hearing this federal case while the State Division of Human Rights proceeding is pending (id., Def. Memo.; see also Docket No. 49, Def. Atty. Reply Affirm.).

First, plaintiff responds that the Colorado River doctrine is an exception from the rule that federal courts need to decide cases presented to them (Docket No. 48, Pl. Memo. at 1). Second, Colorado River doctrine applies to state court proceedings and not for state administrative proceedings (id. at 2). Plaintiff then refuted each of the Colorado River factors defendant cites in support of abstention (id. at 2-3).

After noting the abstention doctrines that may be applicable here (and discussed below), this Court ordered the parties to supplement their briefing on whether Colorado River is the appropriate standard for abstention (Docket No. 50, Order of Feb. 5, 2020, at 7-8), Celotto, supra, 2020 U.S. Dist. LEXIS 19317, at *9-10. Burford v. Sun Oil Co., 319 U.S. 315 (1943), is another source for abstention where the state government is carrying out its domestic policy through its administrative agencies, id. at 318, and not necessarily in the state judicial system (id. at 5). "Rather than recommend denial of defendant's motion to dismiss merely based on citation to the incorrect legal standard where an equivalent standard might apply," this Court ordered briefing on whether Burford abstention is applicable rather than Colorado River (id. at 7). Defendant was to supplement by February 14, 2020, and plaintiff was to reply by February 28, 2020 (id. at 8). The parties filed their timely supplements (Docket Nos. 51, 52).

Defendant argues in his supplemental memorandum that Colorado River still applies and, to avoid a waste of judicial resources and potentially contradictory outcomes, this Court should abstain (Docket No. 51, Def. Supp'al Memo. at 2). Retention of this case would disrupt the state's efforts to establish a coherent policy, in violation of Burford doctrine (id., citing Docket No. 50, Order of Feb. 5, 2020, at 6), see Celotto, supra, 202 U.S. Dist. LEXIS 19317, at *7-8. Defendant contends that the State Division of Human Rights proceedings is a judicial proceeding (or "litigation" as termed by defendant), or would lead to judicial review (Docket No. 51, Def. Supp'al Memo. at 4). Defendant claims that this State Division proceeding seeks the same relief as plaintiff is seeking in this federal action (id. at 2-3, 4). Defendant argues that the use of the word "court" in Colorado River is of no moment (see id. at 4), although citing no instance where Colorado River abstention was used where state agency action (rather than a judicial proceeding) was pending. Defendant makes policy arguments about the possibility of contradictory decisions if this Court retains this case and the State Division of Human Rights proceeds on what defendant terms are parallel claims (id. at 2-3).

Plaintiff filed her supplemental memorandum reasserting that this Court should exercise its discretion and should not abstain from hearing her case (Docket No. 52, Pl. Supp'al Memo. at 1). She argues that Burford does not apply since that case involved application of a state policy (id.) and this Court is not exercising its equitable jurisdiction (id. at 2). She states "that there is a state statute that addresses the same conduct is of no moment. Federal laws supersede state laws as the supremacy clause of the Constitution mandates" (id. at 1), see U.S. Const. Art. VI, cl. 2.

4

DISCUSSION

I.  Abstention Doctrines

Defendant cites to the Colorado River doctrine in support of abstention from hearing this case due to the pending New York State Human Rights Division proceeding on allegedly the same contentions (see generally Docket Nos. 44, 48, 51), see Colorado River, supra, 424 U.S. at 818-19. There, the Colorado River Court considered "the contemporaneous exercise of concurrent jurisdiction, either by federal courts or by state and federal courts," id. at 817 (emphasis added), referring to factors that consider the order in which jurisdiction was obtained by concurrent forums, id. at 818 (citing Pacific Live Stock Co. v. Oregon Water Bd., 241 U.S. 440, 447 (1916)). This abstention is for sound judicial administration in the context of "duplicative, concurrent federal-state litigation," 17A Moore's Federal Practice Ch. 122, Synopsis (2020) (emphasis added). This applies when there is a state court proceeding pending, Aurelius Capital Master, Inc. v. MBIA Ins. Corp., 695 F. Supp. 68, 73 (S.D.N.Y. 2010) (see Docket No. 48, Pl. Memo. at 2). The Colorado River doctrine addresses parallel, duplicative litigation, for example, a repetitive lawsuit where a plaintiff alleges the same claims in federal and state courts, see 17A Moore's Federal Practice, supra, § 122.90. As reminded by plaintiff (Docket No. 48, Pl. Memo. at 1) abstention under Colorado River is exceptional and this Court has a duty to adjudicate matters properly before it, Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist., 673 F.3d 84, 100 (2d Cir. 2012) (id. at 1 nn.1-3); see also 17A Moore's Federal Practice, supra, § 122.91. This Court has not found instances in which Colorado River abstention has been applied for state agency proceedings. Consider Day v. Distinctive Pers., Inc., 656 F. Supp. 2d 331, 333-34 (E.D.N.Y. 2009), where plaintiff sought

5

judicial review of dismissal of her State Division of Human Rights complaint and filed that federal action. The defendant later moved to dismiss alternatively arguing that Colorado River abstention should apply given the then-pending state court judicial review of the State Division decision. The Eastern District of New York, however, dismissed the action on res judicata grounds, using the state court's subsequent upholding of the State Division finding that no discrimination had occurred, id. at 334, 336-37. The court also noted that defendant initially moved under Colorado River because there was no state court decision (but that decision came later, leading to defendant seeking leave to add the res judicata grounds), id. at 335 n.4.

Exceptional circumstances for exercising Colorado River abstention are determined by review of six factors, including the presence of a federal law issue and whether the state forum would adequately protect the parties' interest, see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25-26 (1983); see also 17A Moore's Federal Practice, supra, § 122.92.

The Supreme Court has recognized other times when federal courts should (or, in exercise of discretion, could) abstain; one applicable here involves abstaining to avoid deciding unsettled questions of state law where there is a proceeding pending before a state administrative agency as a matter of deference to the state and its agency, Buford, supra, 319 U.S. 315. "In its sound discretion," a federal court may "refuse to enforce or protect legal rights, the exercise of which may be prejudicial to the public interest," recognizing the "rightful independence of state governments in carrying out their domestic policy," id. at 318 (quotations omitted). Such deference to state agencies is appropriate in some circumstances, 17A Moore's Federal Practice, supra, § 122.50. The Colorado River Court held that Burford abstention did not apply in that case, 424 U.S. at 814-15, with Burford being used as an example where federal courts should

6

abstain because "the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern," Colorado River, supra, 424 U.S. at 814.  Burford did not apply in Colorado River because state law appeared settled and was not at issue for decision, id. at 815-16.  The mere potential for federal-state conflict is not a basis for abstention, id. at 816. Thus, Colorado River abstention, applicable in state and federal litigation, is distinct from Burford which recognizes abstention for state proceedings including administrative matters.

      Federal courts have the discretion in these abstention contexts, Niagara Mohawk, supra, 673 F.3d 100-01, with "'the balance is heavily weighted in favor of exercise of jurisdiction," id. at 100 (quoting Woodford v. Cmty Action Agency of Greene Cnty., Inc., 239 F.3d 517, 522 (2d Cir. 2001)).  This discretion has been recognized in Burford, supra, 319 U.S. at 317-18, as well as Colorado River, supra, 424 U.S. at 813 ("abstention from the exercise of federal jurisdiction is the exception, not the rule.").  In the purported parallel federal litigation/state administrative agency situation, deference to the state agency may not necessarily occur.  In Zablocki v. Redhail, 434 U.S. 374 379 n.5 (1978), the Court did not abstain from a constitutional challenge to a requirement for issuance of marriage licenses that child support payments be current.  As noted by one commentator, "the Court explained that in contrast to Burford, the case did not involve complex issues of state law, resolution of which would be disruptive to state efforts to establish a coherent policy with respect to a matter of substantial public concern," or that resolution of the federal question might result in overturning a state policy, 17A Moore's Federal Practice, supra, § 122.51.

>   Burford doctrine requires that
>
> "Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern,"

New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 361 (1989) (quoting Colorado River, supra, 491 U.S. at 814); see 17A Moore's Federal Practice, supra, § 122.52. Federal abstention under that case may be appropriate when the "review of reasonableness by the federal courts in that and future cases, where the State had established its own elaborate review system . . . would have impermissibly disruptive effect on state policy for the management of those fields," Colorado River, supra, 424 U.S. at 815. "The Second Circuit looks at several factors to determine the applicability of Burford abstention, including (1) the degree of specificity of the state regulatory scheme, (2) the need to give one or another debatable construction to a state statute, and (3) whether the subject matter of the litigation is traditionally one of state concern," 17A Moore's Federal Practice, supra, § 122.56, citing Planned Parenthood of Dutchess-Ulster, Inc. v. Steinhaus, 60 F.3d 122, 127 (2d Cir. 1995).

Colorado River doctrine and Burford doctrine reach two different concerns. The former addresses duplicative litigation while the latter seeks to avoid disruption of substantial state policy initiatives. They also differ on which state entity would form the cause for abstention; Colorado River involves state courts whereas Burford is state administrative agencies (such as the New York State Division of Human Rights).

II.     Application

    A.     The Applicable Abstention Doctrine

Defendant contends that the use of the word "court" in Colorado River is of no moment or, as applicable here, should be defined to include a quasi-judicial agency, the State Division of Human Rights, which has judicial review as part of its decision-making process (see Docket No. 51, Def. Supp'al Memo. at 4), concluding that Colorado River is the appropriate abstention standard. The Colorado River Court considered litigation in both state and federal courts, discussing a federal statute that granted federal court jurisdiction over an otherwise state judicial matter, 424 U.S. at 802-06. The Court ruled when there was a "contemporaneous exercise of concurrent jurisdiction, either by federal courts or by state and federal courts," id. at 817 (emphasis added). The Court could have included state agencies or other quasi-judicial bodies that might have concurrent jurisdiction with federal courts in a matter but did not. Defendant has not cited, and this Court has not found, instances in which Colorado River abstention doctrine was applied when a state agency was hearing the same matter as was pending in federal court. The closest case involving the State Division of Human Rights is a case invoking judicial review from the State Division's dismissal of plaintiff's discrimination complaint, Day, supra, 656 F. Supp. 2d at 333-34. Thus, there are parallel tracks in which state policy may be raised in federal court and state entities; if in state courts, then Colorado River applies, but if in state agencies, Burford governs.

Again, without citation, defendant contends that the State Division of Human Rights is "litigation" with judicial review as part of its process, see N.Y. Exec. L. § 298 (judicial review of order of State Commissioner of Human Rights), thus making Colorado River abstention

9

applicable. The State Division of Human Rights is a division within the Executive Department of the State of New York, Exec. L. § 293(1), which (among its powers) conducts investigations of Human Rights Law complaints, Exec. L. § 295(6)(a). (7); see also Exec. L. § 297, and issues appropriate orders, Exec. L. § 297(4)(c). The procedures for the State Division also includes an express cause of action in state courts for unlawful discriminatory practices and a plaintiff may move (prior to a hearing before the State Division) to have any pending administrative complaint before the State Division dismissed so that the plaintiff can pursue claims in state court, Exec. L. § 297(9). Judicial review of the State Division's action is available to any person aggrieved by an order of the State Commissioner or order of the State Division provided that it is instituted within sixty days of service of the order, Exec. L. § 298 (persons aggrieved "may obtain judicial review" of State Division or Commissioner's orders). That judicial review is not automatic to make the State Division's activities tantamount to a state court proceeding. If there is no review sought, the decisions of the State Division become final, see id. Judicial review requires an aggrieved party affirmatively seeking that review.

In Burford, the regulatory scheme there also provided for state court judicial review, 319 U.S. at 325, 333-34, with judicial review venued in one county, id. at 326, that the Burford Court deemed to be part of the scheme to avoid "the confusion of multiple review of the same general issues," id. and would arise if federal courts also heard these matters, id. at 327.

In the present case, the matter is still before the State Division. There is no indication that it has rendered an order or that either party has sought judicial review of its decision.

Thus, the appropriate abstention doctrine is not Colorado River which presumes two judicial proceedings (either both in federal court or federal and state courts, 424 U.S. at 817). Instead, the applicable standard is Burford for state agencies.

B.   Should This Court Abstain under Burford?

This case does not involve the Burford test of "'difficult questions of state law bearing on policy problems of substantial public import,'" New Orleans Pub. Serv., supra, 491 U.S. at 361 (quoting Colorado River, supra, 424 U.S. at 814). Defendant has not argued that this test is applicable. Defendant alternatively argues (Docket No. 51, Def. Supp'al Memo. at 2) that the second Burford test, that "where the 'exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern,'" id. at 361 (quoting Colorado River, supra, 424 U.S. at 814), applies to justify abstention because of the potential of opposing outcomes from this Court and the State Division of Human Rights (Docket No. 51, Def. Supp'al Memo. at 2).

The declination of jurisdiction (here, federal subject matter jurisdiction for plaintiff's claims under Section 1983, the Fair Labor Standards Act, and Rehabilitation Act) is in this Court's sound discretion, Burford, supra, 319 U.S. at 317-18. The State Division of Human Rights also covers areas governed by Title VII which plaintiff raises in her Second Cause of Action in her Amended Complaint (Docket No. 22, Am. Compl. ¶¶ 127-30). Buford sought to avoid federal court intervention into state policy, with federal court decisions on Texas state law leading the state government to adjust policy with each federal decision, 319 U.S. at 329-30. In exercise of equitable jurisdiction, the Burford Court held that federal courts should abstain in such circumstances, id. at 334.

11

As plaintiff notes (Docket Nos. 48, Pl. Memo. at 1, 52, Supp'al Memo. at 1), abstention is the exception and is extraordinary and narrow exception from the duty to adjudicate federal controversies.  This Court recommends **declining abstention**.  This federal case is not the exceptional case of federal court rewriting state procedures or construing state law.  Most of the claims in this case are distinct from the New York State Human Rights Law allegations before the State Division of Human Rights.  Plaintiff also alleges in this Court distinct violations of federal labor law not considered by the State Division.

The one common claim between the two jurisdictions is Title VII employment discrimination.  New York State does not have a distinct policy that this federal Title VII action would disrupt.  New York State courts require the same standard of proof for Human Rights Law claims as those under Title VII, e.g., Leopold v. Baccarat, 174 F.3d 261, 264 n.1 (2d Cir. 1999); Tomka v. Seiler Corp., 66 F.3d 1295, 1304 n.4 (2d Cir. 1995) (citing New York State cases).  Thus, there is less of a concern that a distinct New York State employment or human rights policy would be disrupted by this Court in hearing a Title VII claim for the same facts.  This differs from the result in Burford where the State of Texas had an elaborate regulatory scheme for oil and gas extraction that was frequently disrupted by federal lawsuits, see Burford, supra, 319 U.S. at 329-30.  If any inconsistency arises between the two adjudicators, it would be limited to this Court's disposition on the Title VII civil rights claim from the State Division's action on the similar Human Rights Law claim.  When the decision is made by this Court (if necessary) on the Title VII claim, that decision should not call for adjusting state law or changing state policy, the conditions the Burford Court stated should be when federal courts decline jurisdiction.

12

**CONCLUSION**

Based upon the above, it is recommended that defendant's motion to dismiss on abstention grounds (Docket No. 44) be **denied**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72(b).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72(b), "[w]ritten objections to proposed findings of fact and recommendations for disposition submitted by a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

/s/ Hugh B. Scott

Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       March 13, 2020