UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TIFFANY J. CELOTTO,

      Plaintiff,

      v.

JOHN RYAN,

      Defendant.

16-CV-1038-LJV-MJR
DECISION & ORDER

On December 23, 2016, the plaintiff, Tiffany J. Celotto, commenced this action under 42 U.S.C. § 1983, Docket Item 1; she filed an amended complaint on January 22, 2018, Docket Item 22. Celotto alleges that the defendant, John Ryan, violated the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, and the Equal Protection Clause of the Fourteenth Amendment by discriminating against her on the basis of gender, creating a hostile work environment, and retaliating against her. *Id.* at 18-25.

Earlier this year, after extensive discovery and motion practice, Ryan moved for summary judgment. Docket Item 60. On March 1, 2021, Celotto responded, Docket Item 62, and on March 11, 2021, Ryan replied, Docket Item 64.

In the meantime, the matter was referred to a United States Magistrate Judge— first to the late Honorable Hugh B. Scott and then to the Honorable Michael J. Roemer—for all proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B). Docket Items 10, 63. On April 26, 2021, Judge Roemer issued a Report and Recommendation ("R&R") finding that the motion for summary judgment should be granted in part and denied in part. Docket Item 68. More specifically, Judge Roemer found that the motion

should be granted except as to Celotto's equal protection claim for a hostile work environment because Ryan failed to demonstrate that *res judicata*, or claim preclusion, barred that claim.[1]  *See id.* at 13-15.  On May 10, 2021, Ryan objected to that finding, Docket Item 69; on June 1, 2021, Celotto responded, Docket Item 71; and on June 15, 2021, Ryan replied, Docket Item 72.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully and thoroughly reviewed the R&R; the record in this case; the objection, response, and reply; and the materials submitted to Judge Roemer.  Based on that *de novo* review, the Court accepts and adopts Judge Roemer's recommendation in its entirety.[2]

---

[1] Judge Roemer also found that (1) Celotto's section 1983 claims based on violations of the Fair Labor Standards Act and Title VII failed as a matter of law, Docket Item 68 at 9; (2) the doctrine of collateral estoppel, or issue preclusion, barred Celotto from relitigating her equal protection claims for gender discrimination and retaliation but not for hostile work environment, *id.* at 10-13; and (3) Ryan failed to demonstrate that the undisputed facts proved he did not subject Celotto to a hostile work environment, *id.* at 15-16.

Celotto did not object to the R&R; for that reason, she has waived her right to have this Court review any determination adverse to her.  *See Small v. Sec.'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).  To the extent that Ryan's objection can be interpreted as arguing that collateral estoppel bars Celotto's equal protection claim for a hostile work environment and that he did not subject Celotto to a hostile work environment as a matter of law, those arguments are meritless for the reasons stated in the R&R, *see* Docket Item 68 at 12-13, 15-16, and because the New York State Division of Human Rights ("Division of Human Rights") found that Ryan indeed did subject Celotto to a hostile work environment, *see* Docket Item 65-2 at 19.

[2] The Court assumes the reader's familiarity with the facts alleged in the amended complaint, *see* Docket Item 22, and as analyzed by Judge Roemer in the

**DISCUSSION**

Under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). "[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). "New York courts have adopted the 'transactional approach' to res judicata, holding that if claims arise out of the same 'factual grouping[,]' they are deemed to be a part of the same cause of action and the later claim will be barred without regard to whether it is based upon different legal theories or seeks different or additional relief." *Davidson v. Capuano*, 792 F.2d 275, 278 (2d Cir. 1986) (citations omitted).

State agency decisions that have been reviewed by a state court typically enjoy preclusive effect in federal court because "[t]he records and judicial proceedings of any court of any such State, Territory or Possession . . . shall have the same full faith and credit in every court within the United States," 28 U.S.C. § 1738. *See Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982) (holding that a state court decision affirming a state agency determination on a claim of employment discrimination is entitled to preclusive effect). But the decisions of state administrative agencies that have not been

---

R&R, *see* Docket Item 68, and will refer only to the facts necessary to explain its decision.

reviewed by a state court—such as the Division of Human Rights' decision here—may be a different matter.

"Although some courts have found civil rights claims precluded by an unreviewed administrative proceeding, this issue is the subject of a circuit split, and the Second Circuit has not taken a side." *Wiercinski v. Mangia 57, Inc.*, 2010 WL 2681168, at *4 (E.D.N.Y. July 2, 2010) (internal citation omitted) (citing *DeSario v. Thomas*, 139 F.3d 80, 86 (2d Cir. 1998) (noting circuit split and declining to resolve issue), *vacated on other grounds sub nom. Slekis v. Thomas*, 525 U.S. 1098 (1999)). Nevertheless, the Second Circuit has provided some guidance: the court has found that *res judicata* does not apply when "the initial forum did not have the power to award the full measure of relief sought in the later litigation." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). Likewise, *res judicata* will not apply when "formal jurisdictional or statutory barriers prevented [the litigant] from presenting to a court in one action the entire claim including any theories of recovery or demands for relief that might have been available to [her] under applicable law." *Jacobson v. Fireman's Fund Ins. Co.*, 111 F.3d 261, 265 (2d Cir. 1997) (internal marks omitted) (citations omitted).

Here, Judge Roemer found that Ryan "ha[d] not sufficiently developed his argument on *res judicata* to warrant summary judgment" on Celotto's equal protection claim based on a hostile work environment. Docket Item 68 at 15. More specifically, he said that:

> [Ryan] does not acknowledge the circuit split on the issue, let alone address which approach should be applied. Nor does he address whether the [Division of Human Rights] had the authority to adjudicate Celotto's [s]ection 1983 claims or the power to grant the full measure of relief that Celotto seeks in this action. . . . His argument amounts to the assertion that,

4

> because the present action and the administrative proceedings have the
> same factual basis, *res judicata* must apply.

*Id.* This Court agrees that summary judgment is not warranted on the present record.

Ryan argues that he "demonstrated through his submission that the Second Circuit has, in fact, taken a side." Docket Item 69 at 5. But the Second Circuit itself has acknowledged—more than once—that it has not. *E.g.*, *Leventhal v. Knapek*, 266 F.3d 64, 73 n.3 (2d Cir. 2001) (citing *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) ("Currently, this circuit has not taken a position regarding the split in the circuits as to whether to give preclusive effect to the unreviewed legal determinations of state administrative decisions.")); *DeSario*, 139 F.3d at 86 ("The Circuits are split on whether a federal suit arising out of the same transaction(s) as a state administrative decision that has not been reviewed in state court is barred by res judicata. . . . We need not decide that issue in this case.").

Ryan is correct that the Second Circuit has "provided factors for determining" when *res judicata* applies to the determinations of state administrative agencies. *See* Docket Item 69 at 5. But he has not demonstrated that those factors compel judgment in his favor here. For example, he has not shown that the Division of Human Rights had the authority to hear and rule upon Celotto's equal protection claim for a hostile work environment or that it could grant Celotto the full relief that she sought. Ryan asserts that Celotto "ha[d] the opportunity to litigate her equal protection claim on the basis of hostile work environment before the New York State Division of Human [R]ights," *id.* at 6 (emphasis omitted); that "she did in fact litigate said claim," *id.*; and that the Division of Human Rights "had the power to award the full measure of relief sought," Docket Item 72 at 3. But he offers no facts in support of those conclusory assertions.

5

In her case before the Division of Human Rights, Celotto brought claims under the New York State Human Rights Law ("Human Rights Law") and Title VII but not the Equal Protection Clause or section 1983. *See* Docket Item 60-4 at 23. And it is not at all clear to this Court that she could have. So the precise claim at issue here was not decided already. And it may very well be that Celotto has not yet had an opportunity to raise that claim against Ryan.

Because the Division of Human Rights applied the Human Rights Law and not section 1983, it dismissed Celotto's claims against Ryan notwithstanding its finding that Ryan created a hostile work environment. Docket Item 65-2 at 23. The Division of Human Rights found that Celotto's employer, the Department of Transportation, "exercised reasonable care to prevent and correct [] Ryan's harassing behavior," so the employer was not liable for Ryan's creating a hostile work environment. *Id.* at 20-21. Under section 296.6 of the Human Rights Law, "[w]hen the case against the employer is dismissed, the case against an aider and abettor must also be dismissed." *Id.* at 23 (citing *Med. Exp. Ambulance Corp. v. Kirkland*, 79 A.D.3d 886, 888, 913 N.Y.S.2d 296, 299 (2d Dep't 2010), *lv. denied*, 17 N.Y.3d 716, 934 N.Y.S.2d 374 (2011)). Therefore, even though it found that Ryan had created a hostile work environment, the Division of Human Rights could not hold Ryan liable for that under the Human Rights Law unless it found the Department of Transportation liable, too. So Celotto may very well have been precluded from presenting to the Division of Human Rights her "entire claim including any theories of recovery or demands for relief that might have been available to [her] under applicable law." *See Jacobson*, 111 F.3d at 265.

As Judge Roemer correctly observed, *see* Docket Item 68 at 15, the thrust of Ryan's argument is that because the complaints brought before the Division of Human Rights and this Court involve the same factual allegations and the Division of Human Rights dismissed Celotto's claims against Ryan, *res judicata* **must** apply. *See* Docket Item 69 at 3 (Ryan's "encourag[ing]" the Court to compare the complaints); Docket Item 72 at 3 ("[T]he claim here and the claim previously before the [Division of Human Rights] are identical in that they are based on the exact same facts. As such, the instant action is barred under the doctrine of res judicata."). But as Judge Roemer also observed correctly, because the issue here is the preclusive effect of an unreviewed state agency determination, "that is not necessarily so." *See* Docket Item 68 at 15. *Res judicata* will not apply, for example, if the Division of Human Rights could not have decided Celotto's equal protection claim for a hostile work environment or provided her with the full relief that she now seeks.

All this is not to say that an unreviewed finding by the Division of Human Rights could never bar a subsequent section 1983 action. Ryan simply has failed to demonstrate that it does here. *See Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 126 F.3d 365, 369 (2d Cir. 1997) ("The burden is on the party seeking to invoke *res judicata* to prove that the doctrine bars the second action."). Therefore, the Court agrees with Judge Roemer that Ryan is not entitled to summary judgment against Celotto's equal protection claim for a hostile work environment.

Finally, it is worth noting that finding *res judicata* inapplicable to Celotto's hostile work environment claim does not risk inconsistent judgments as Ryan suggests. *See* Docket Item 72 at 5. The Division of Human Rights dismissed Celotto's claims against

7

Ryan under the Human Rights Law's "aider and abettor" provision. *See* Docket Item 65-2 at 23. So even though the Division of Human Rights found that Ryan created a hostile work environment, he nevertheless was not liable *under the Human Rights Law*. *See id.* But there is no parallel provision that applies to an equal protection claim for a hostile work environment brought under section 1983. So if this Court were to find that Ryan created a hostile work environment, he would be liable for that, and there would be no inconsistency between the two results.

## **CONCLUSION**

For the reasons stated above and in the R&R, Ryan's motion for summary judgment, Docket Item 60, is GRANTED IN PART and DENIED IN PART. The case is referred back to Judge Roemer for further proceedings consistent with the referral orders of March 17, 2017, Docket Item 10, and March 4, 2021, Docket Item 63.

SO ORDERED.

Dated: July 12, 2021
Buffalo, New York

　　　　　　　　　　　　　　　　　　　 */s/ Lawrence J. Vilardo*
　　　　　　　　　　　　　　　　　　　LAWRENCE J. VILARDO
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE